IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-20316-CIV-MOORE

WEST FLAGLER ASSOCIATES, LTD., and
SOUTHWEST FLORIDA ENTERPRISES,
INC.,

    Plaintiffs,

vs.

UNITE HERE LOCAL 355,

    Defendant.
_____/

## ORDER DENYING MOTION TO VACATE ARBITRATION AWARD

THIS CAUSE came before the Court upon Plaintiffs' Motion to Vacate Arbitration Award (ECF No. 70). Defendant filed a Response (ECF No. 75). Plaintiffs filed a Reply (ECF No. 76). This motion is now ripe for review.

UPON CONSIDERATION of the Motion, the Response and the Reply, as well as the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

### I. THE ARBITRATOR'S DECISION

Pursuant to the Court's September 28, 2010 Order (ECF No. 69) compelling the Parties to conduct arbritration, Plaintiffs West Flagler Associates, Ltd. ("West Flagler"), and Southwest Florida Enterprises, Inc. ("Southwest") participated in arbitration with Defendant Unite Here Local 355 ("Unite Here"). West Flagler and Southwest now move to vacate the Arbitrator's Decision, specifically, the Arbitrator's Ruling that although not signatories to the disputed

Memorandum of Agreement ("Agreement"), West Flagler and Southwest were nonetheless bound by the Agreement, and therefore the arbitration clause was enforceable against them.

As a preliminary matter, the Parties, upon commencing arbitration, agreed to the resolution of three issues by the Arbitrator. See Mem. Agmnt. at 4 (ECF No. 70-2). One of the issues put before the Arbitrator was whether West Flagler and Southwest were bound by the Agreement, and thereby required to arbitrate, despite the fact that they were not signatories to the Agreement. Id. The Arbitrator conducted a thorough analysis of the facts regarding the issue and answered the question in the affirmative. Id. at 7-10. West Flagler and Southwest now seek to vacate this part of the Arbitrator's decision. The Court refuses, however, because to vacate that part of the Arbtitrator's decision would be pointless.

It was unnecessary for the Arbitrator to entertain this issue. The determination of whether parties are subject to an agreement is for the district court to decide. Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992) ("If a party has not signed an agreement containing arbitration language . . . the district court itself must first decide whether or not the non-signing party can nonetheless be bound by the contractual language"). Prior to sending this matter to arbitration, this Court concluded that both West Flagler and Southwest were bound by the Agreement and stated as much in its September 28, 2010 Order. The Court's Order states in part,

> A non-signatory to an arbitration agreement can be bound to the agreement where an agency relationship exists with a signatory and the signatory seeks to bind the non-signatory. See World Rentals & Sales, LLC v. Volvo Const. Equip't Rents, Inc., 517 F.3d 1240, 1244 (11th Cir. 2008). Here, Unite-Here presents evidence in the form of public documents that show non-party Fred Havenick was an agent of Plaintiffs West Flagler Associates, Ltd. and Southwest Florida Enterprises, Inc. Additionally, the arbitration agreement that is the subject of this case was signed by Fred Havenick and bound all Parties that he could control. Plaintiffs cite no

> evidence rebutting Unite-Here's claim. Rather, they suggest that they should be allowed to engage in limited discovery to determine the existence of an agency relationship between Plaintiffs and Fred Havenick. Any such evidence is logically more likely to be in Plaintiffs' possession rather than Unite-Here's possession. Moreover, Plaintiffs do not point to any specific evidence in Unite-Here's possession that might be probative as to Plaintiffs' relationship with a non-party. Thus, Unite-Here's Motion to Compel Arbitration is GRANTED to the extent that Plaintiffs West Flagler Associates, Ltd. and Southwest Florida Enterprises, Inc. are compelled to arbitrate this matter.

September 28, 2010 Order.

The Court's September 28, 2010 Order cites the Eleventh Circuit's precedent in World Rentals, wherein the Court held that common law contract principles apply when determining whether a party is subject to an arbitration clause within a contract. 517 F.3d at 1244. Common law contract principles hold that the existence of an agency relationship between a signatory and a party can bind that party to the contract. Id. at 1248 (citing Thomson-CSF, S.A. v. Am. Arbitration Ass'n, 64 F.3d 773, 777 (2d Cir. 1995)). Based on the evidence that Fred Havenick, the signatory to the Agreement, was an agent of West Flagler and Southwest, the Court concluded that those two parties were in fact bound by the Agreement, and therefore required to arbitrate.

Given the Court's determination that West Flagler and Southwest were bound by the Agreement and required to arbitrate this matter, the issue was not appropriate for the Arbitrator to consider. His finding with regard to that issue is therefore of no consequence.

## II.   ATTORNEYS' FEES AND COSTS

The Eleventh Circuit in B.L. Harbert Int'l v. Hercules Steel Co., found the award of attorneys' fees and costs appropriate when a party on the losing end of an arbitration

3

decision seeks to overturn that decision without any real basis for doing so. 441 F.3d 905, 913-914 (11th Cir. 2006) <u>questioned on other grounds as stated in</u> <u>Frazier v. Citifinancial Corp.</u>, 604 F.3d 1313, 1321 (11th Cir. 2010). In the instant case, despite this Court's determination that they were bound by the arbitration agreement, West Flagler and Southwest sought a second opinion from the Arbitrator. When he rendered the same opinion, they sought to vacate that decision. As a result of their pointless pursuit of this issue, West Flagler and Southwest shall pay the costs incurred by Unite Here in litigating the instant motion. Unite Here shall submit reasonable attorneys' fees and costs incurred in litigating Plaintiffs' Motion to Vacate Arbitrator's Award within ten (10) days of the issuance of this Order.

### III.  CONCLUSION

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Vacate Arbitration Award (ECF No. 70) is DENIED AS MOOT. It is further

ORDERED AND ADJUDGED that Plaintiffs shall bear the Defendant's attorneys' fees and costs incurred in litigating Plaintiffs' Motion to Vacate Arbitrator's Award.

This case remains CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record